UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER PHANEUF, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00278-JAW |
| | ) | |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION TO SET TRIAL IN PORTLAND**

In this action, Plaintiff Peter Phaneuf seeks to recover damages for injuries he sustained as the result of a rollover incident involving an all-terrain vehicle (the ATV) in Monson, Maine, on May 25, 2013. Plaintiff alleges that Defendant Polaris Industries designed and manufactured the ATV, which was defective.

The matter is before the Court on Plaintiff's Motion to Set Trial in Portland. (ECF No. 4.) After consideration of the parties' arguments, the Court denies the motion.

**BACKGROUND**

According to Plaintiff, in 2009 Plaintiff purchased the ATV in Jackman, Maine. (Complaint, ECF No. 1.) On May 25, 2013, Plaintiff was operating the ATV in Monson, Maine, when it rolled over and pinned him to the ground. The ATV continued to idle for 90 minutes before someone came to the scene to assist Plaintiff. During the time he was under the ATV, Plaintiff suffered severe burns because his foot was pinned against the ATV's exhaust system. Plaintiff maintains that the ATV lacked a "tilt switch" that would stop the engine in the event of a rollover.

In support of his request to move the trial of the matter from Bangor to Portland, Plaintiff relies primarily on the convenience for witnesses and Plaintiff. Plaintiff is a Massachusetts resident, as are several witnesses who accompanied him to Monson in May 2013. (Motion to Set Trial in Portland at 1, ¶¶ 4 – 5, ECF No. 4.) Plaintiff has retained expert witnesses who reside outside of Maine. (*Id.* at 1 – 2, ¶ 6.) Except for his initial treatment in Maine, Plaintiff has received all of his medical treatment in Massachusetts. (*Id.* at 2, ¶ 7.) Defendant is incorporated under the laws of the State of Minnesota, and does business throughout the State of Maine. (*Id.* ¶ 8.) Plaintiff contends a trial in Portland would substantially decrease the burden on Plaintiff and his witnesses, without causing a significant disadvantage for Defendant. (*Id.* ¶ 10.)

Defendant argues that Bangor is more convenient for many of the potential witnesses, including the first responders (i.e., members of the Greenville Fire Department and a Maine State Warden) and medical providers at Mayo Regional Hospital in Dover-Foxcroft, where Plaintiff received his initial medical care. (Defendant's Opposition at 2, ECF No. 11.)

### DISCUSSION

Plaintiff cites District of Maine Local Rule 3 in support of his request for transfer. Rule 3 provides in relevant part:

> **RULE 3 – COMMENCEMENT OF ACTION**
> ….
> **(b) Assignment**
>
> Maine constitutes one judicial district. Court shall be held at Bangor and Portland. The filing party shall file each new action in Bangor or Portland, and the latter shall ordinarily be tried in Bangor or Portland, by reference to the county in which a substantial part of the events or omissions giving rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. Cases arising in the counties of Aroostook, Franklin, Hancock, Kennebec, Penobscot, Piscataquis, Somerset, Waldo and Washington shall be filed and ordinarily tried at Bangor. Cases arising in the counties of Androscoggin, Cumberland, Knox, Lincoln, Oxford, Sagadahoc and York shall be filed and ordinarily tried at Portland. ….

D. Me. Loc. R. 3(b). Pursuant to Rule 3, Plaintiff's action is appropriately assigned to the Bangor division because the subject events or omissions occurred in Somerset County (locus of purchase) and Piscataquis County (locus of accident). By rule, therefore, the matter "shall ordinarily be tried in Bangor." *Id.* Plaintiff argues that the plain language of the Rule (i.e., use of the term "ordinarily") confirms the Court is not required to conduct the trial in Bangor.

Defendant cites Local Rule 1 to support its opposition to the motion. Local Rule 1 provides in part: "The Court may relax these rules in exceptional circumstances when justice so requires." D. Me. Loc. R. 1(a). Defendant contends the necessary exceptional circumstances do not exist in this case. (Defendant's Opposition at 2 – 4.)

**A.     Standard of Review**

Plaintiff's request for transfer is governed by 28 U.S.C. § 1404(b), which provides: "Upon motion, … any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). Absent a forum-selection agreement that provides for trial in the movant's preferred forum,[1] the moving party bears the burden of demonstrating the appropriateness of the venue change. *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 212 (D. Me. 2011); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013) (party acting in violation of forum-selection clause bears the burden). The relevant considerations include both private and public interests.

"Private factors include the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the

---

[1] There is no evidence of a forum selection clause in this case.

relative ease of access to sources of proof." *Johnson*, 767 F. Supp. 2d at 212 (internal quotation marks omitted) (discussing the propriety of a transfer under 28 U.S.C. § 1404(a) rather than § 1404(b)). "Public factors encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." *Id.* (internal quotation marks omitted).

**B.     Analysis**

Preliminarily, Plaintiff's motion is not supported by affidavit or other record evidence. While perhaps not dispositive in all cases, typically courts require an evidentiary showing on transfer motions. *Demont & Assocs. v. Berry*, 77 F. Supp. 2d 171, 173 (D. Me. 1999); *see also Mulcahy v. Guertler*, 416 F. Supp. 1083, 1086 (D. Mass. 1976) ("In this case the plaintiff has failed to introduce any evidence tending to satisfy her burden of proof, thereby inviting the Court to base its decision merely upon its own speculations. This we will not do." (footnote omitted)); *cf. Tucker v. Am. Int'l Grp., Inc.*, 728 F. Supp. 2d 114, 127 (D. Conn. 2010) (applying a clear and convincing evidence standard to a § 1404(b) motion); *Hanning v. New England Mut. Life Ins. Co.,* 710 F. Supp. 213, 215 (S.D. Ohio 1989) (characterizing § 1404(b) motions for intradistrict transfers as being subject to the same analysis as interdistrict transfers under § 1404(a) but "apparently judged by a less rigorous standard"). Even if the Court does not require the typical record evidence, however, Plaintiff's arguments are not persuasive.

While the Plaintiff's choice of forum for trial is a valid consideration, the factor is of more significance when the plaintiff properly files suit in his home state and the defendant seeks a transfer to a district court in another state. *Demont & Assocs. v. Berry*, 77 F. Supp. 2d 171, 173

(D. Me. 1999). In this case, whether the matter is tried in Bangor or Portland, the trial will not occur in Plaintiff's home state.

As in many cases, regardless of the location of the trial, some of the witnesses will have to travel a greater distance to appear at trial. To attempt to gauge the relative inconvenience to and importance of various witnesses is generally problematic. This case is no exception. The Court, however, can discern no reason the convenience of Plaintiff's potential witnesses should be given preference over the convenience of other witnesses.

In addition, currently, the Court's trial docket in Bangor can accommodate the trial without any undue delay. The interests of justice and judicial economy, therefore, do not support the transfer of the case.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Set Trial in Portland.

## NOTICE

Any objections to this memorandum of decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of September, 2016.